UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Derrick A. Revies,** | **Court File No.** |
| **Plaintiff,** | |
| vs. | **COMPLAINT WITH JURY DEMAND** |
| **City of Minneapolis; and Officer Matthew Lindquist, Officer K. Moua, and Officer McDonough, in their individual and official capacities,** | |
| **Defendants.** | |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourth Amendments to the United States Constitution, and under the common law of the State of Minnesota, against the City of Minneapolis and Officers Lindquist, Moua, and McDonough, police officers of the City of Minneapolis, in their individual and official capacities.

2. It is alleged that the Defendant Officers retaliated against Plaintiff and made an unreasonable seizure of Plaintiff's person, violating his rights under the First and Fourth Amendments to the United States Constitution. It is further alleged that Defendants battered Plaintiff under Minnesota state law.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Derrick Revies was at all material times a resident of the State of Minnesota, and of full age.

6. Defendant Police Officers Lindquist, Moua, and McDonough were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

7. The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of the Defendant Officers. Defendant City of Minneapolis is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials, including the Defendant Officers.

## FACTS

8. On August 1, 2014, at approximately 11:30 p.m., Plaintiff Derrick Revies was passing through the area near 1010 Currie Ave, Minneapolis, MN 55403. As Mr. Revies was passing through, he noticed that a certain area had been taped off by police officers in what appeared to be a crime scene. Mr. Revies also noticed police officers, medical personnel, and a

possible victim and/or suspect inside the area that was taped off. At this time, Mr. Revies decided to video-record the incident as an independent observer.

9. Mr. Revies then turned on his camera and approached the area that was taped off by the police using the sidewalk. Mr. Revies then proceeded to record the incident with his camera and narrate his observations. Mr. Revies was not committing any crimes, stayed on the sidewalk at all times outside the taped area, and did not interfere with the police officers or the investigation in any way.

10. Shortly after, while Mr. Revies was lawfully recording the incident from a place where he had a legal right to be, Defendant Officer Moua approached Mr. Revies and gave him vague and conflicting instructions to move to a different area. Mr. Revies, confused as to where he was directed to go, attempted to clarify Officer Moua's instructions so that he could follow them. Mr. Revies never refused to move and never entered the area that was taped off by the police and simply asked Officer Moua for clarification as to where he needed to go. Instead of clarifying his vague and conflicting directives, Officer Moua confiscated Mr. Revies' camera and proceeded to walk Mr. Revies to a different area of the sidewalk where Officer Moua wanted Mr. Revies to go. As they walked, Officer Moua told Mr. Revies that he will return his camera once they reach an area of the sidewalk where Mr. Revies could remain. Mr. Revies willingly followed Officer Moua down the sidewalk and, after reaching a certain area of the sidewalk, Officer Moua returned Mr. Revies' camera and walked away, leaving Mr. Revies in a different area of the sidewalk.

11. At this time, Defendant Officer McDonough approached Mr. Revies on a bicycle, blocked Mr. Revies' path, and started to question Mr. Revies about why he was in the area recording the police. Mr. Revies attempted to explain that he had a constitutional right to record public

activities from a public sidewalk and that he was making sure that peoples' rights were not being violated. Even though Mr. Revies never stated that anyone's rights had been violated, Officer McDonough demanded to know why Mr. Revies felt that someone's rights were being violated as he continued to block Mr. Revies' path.

12. As Mr. Revies was speaking with Officer McDonough, Officer Moua approached Mr. Revies from behind, grabbed Mr. Revies, and once again gave Mr. Revies vague instructions to walk to a different area. Mr. Revies followed Officer Moua's instructions and started to walk down the sidewalk. As Mr. Revies was walking, Defendant Officer McDonough continued to engage Mr. Revies in conversation. Shortly after, Mr. Revies reached the area where Officer Moua directed him to go.

13. Next, while Mr. Revies was in the area to which he was directed by Officer Moua, Officer Lindquist approached Mr. Revies, forcefully tackled him to the ground, handcuffed him, and arrested him. Upon information and belief, Defendant Officers Moua and McDonough assisted Officer Lindquist in forcefully pinning Mr. Revies to the ground, which was completely unnecessary and caused Mr. Revies to suffer severe and excruciating pain. At the time of the arrest, Mr. Revies was not committing any crimes, was in the area to which he was directed by Officer Moua, and was not interfering or obstructing the officers in any way. Mr. Revies was then searched and transported and booked into the Hennepin County Jail.

14. As a result of the Defendant Officers' actions, Mr. Revies endured severe physical pain, suffering, and discomfort both during and after the arrest.

15. As a result of the Defendant Officers' actions, Mr. Revies suffered emotional distress, shame, humiliation, and embarrassment.

16. As a result of the Defendant Officers' actions, Mr. Revies was falsely imprisoned and suffered loss of liberty.

## INJURIES SUFFERED

17. As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the First and Fourth Amendments to the United States Constitution to freedom of speech and to be free from unreasonable seizures of his person;

    b. Physical pain and suffering;

    c. Emotional trauma and suffering.

18. The actions of the Defendant Officers violated the following clearly established and well settled federal constitutional rights of Plaintiff:

    a. Right to freedom of speech and expression;

    b. Freedom from unreasonable seizures of his person;

    c. Freedom from the use of excessive, unreasonable, and unjustified force against his person.

## CLAIMS FOR RELIEF

**COUNT 1: 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AGAINST ALL INDIVIDUAL DEFENDANTS**

19. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

20. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to free speech under the

First Amendment to the United States Constitution. Specifically, Plaintiff exercised his right to free speech protected by the First Amendment when he used his camera to record police activities and when he informed the Defendant Officers that he had a right to record police activities. The Defendant Officers took action against Plaintiff that was sufficiently serious to chill a person of ordinary firmness from engaging in protected speech/conduct when they attacked and arrested Plaintiff without legal justification. The Defendant Officers engaged in this conduct against Plaintiff in retaliation for Plaintiff exercising her First Amendment rights.

21. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST ALL INDIVIDUAL DEFENDANTS

22. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

23. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when they tackled Plaintiff and forcefully pinned him to the ground, all without justification and while using excessive and unnecessary force.

24. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 3: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND FALSE ARREST AGAINST ALL INDIVIDUAL DEFENDANTS

25. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

26. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures under the Fourth Amendment to the United States Constitution when

the Defendant Officers arrested Plaintiff, took him into custody, and booked him into the Hennepin County Jail, all without a warrant and without probable cause to believe that Plaintiff had committed a crime.

27. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 4: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

28. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

29. Based on the above factual allegations, the Defendant Officers battered Plaintiff. Specifically, the Defendant Officers engaged in intentional, offensive, and unpermitted contact with Plaintiff when they tackled, pinned down, and handcuffed Plaintiff, all without justification.

30. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

### RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that the Defendants violated Plaintiff's constitutional rights under the First and Fourth Amendments to the United States Constitution and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants battered Plaintiff under Minnesota state law and that Defendants are liable to Plaintiff for all damages resulting from this violation;

c. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

d. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

e. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

f. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

                                  THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: November 16, 2015          By: s/ Zorislav R. Leyderman
                                             ZORISLAV R. LEYDERMAN
                                             Attorney License No. 0391286
                                             Attorney for Plaintiff
                                             The Law Office of Zorislav R. Leyderman
                                             222 South 9th Street, Suite 1600
                                             Minneapolis, MN 55402
                                             Tel: (612) 876-6626
                                             Email: zrl@ZRLlaw.com